UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVESTER M. MURRAY,

    Plaintiff,                                                                  Civil Action No. 17-CV-12586

vs.                                                                                HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND REMANDING FOR FURTHER PROCEEDINGS**

This matter is presently before the Court on cross motions for summary judgment [docket entries 15 and 18]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant plaintiff's motion, deny defendant's motion, and remand the case for further proceedings.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's final decision denying his application for Supplemental Security Income benefits. An Administrative Law Judge ("ALJ") held a hearing in August 2016 (Tr. 37-63) and issued a decision denying benefits in October 2016 (Tr. 13-24). This became defendant's final decision in June 2017 when the Appeals Council denied plaintiff's request for review (Tr. 1-3).

Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence. As the Sixth Circuit has explained, the Court

> must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *White*, 572 F.3d at 281 (citing 42 U.S.C. § 405(g)); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th

> Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th
> Cir. 1997). Substantial evidence is "such relevant evidence as a
> reasonable mind might accept as adequate to support a conclusion."
> *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d
> 842 (1971) (internal quotation marks omitted); see also *Kyle*, 609
> F.3d at 854 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601,
> 604 (6th Cir. 2009)). Where the Commissioner's decision is
> supported by substantial evidence, it must be upheld even if the
> record might support a contrary conclusion. *Smith v. Sec'y of Health
> & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). However, a
> substantiality of evidence evaluation does not permit a selective
> reading of the record. "Substantiality of the evidence must be based
> upon the record taken as a whole. Substantial evidence is not simply
> some evidence, or even a great deal of evidence. Rather, the
> substantiality of evidence must take into account whatever in the
> record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d
> 383, 388 (6th Cir. 1984) (internal citations and quotation marks
> omitted).

*Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 640-41 (6th Cir. 2013).

On the alleged disability onset date, plaintiff was 59 years old. He has a high school education, two years of college, and work experience as a minister (Tr. 41). Plaintiff claims he has been disabled since February 2012 due to a back problem, hypertension, prostate cancer, and diverticulitis (Tr. 155). The ALJ found that plaintiff's severe impairments are "lower back pain with radiculopathy" and "status post prostate cancer" (Tr. 18). The ALJ further found that despite these impairments plaintiff is not disabled because he is able to perform his past work as a minister, as this work is within plaintiff's residual functional capacity ("RFC") for a limited range of light work.[1]

---

[1] Specifically, the ALJ found that plaintiff has the RFC

> to perform light work as defined in 20 CFR 416.967(b) except no
> hazards including work at unprotected heights or around dangerous
> moving machinery; no climbing of any ladders, ropes or scaffolds; no
> more than occasional climbing of ramps or stairs; no more than
> occasional balancing, stooping, kneeling, crouching; no crawling; no
> driving in the course of employment or use of foot controls; no

Of plaintiff's various impairments, the one that is of potentially disabling severity is his lower back pain with radiculopathy. Plaintiff testified that he cannot perform his past work as a minister because this job required him to stand for several hours at a time (Tr. 60-61), but he now can stand only "about 30, 40 minutes" at a time (Tr. 51).

The medical evidence regarding plaintiff's back impairment is summarized in the ALJ's decision (Tr. 20-22), and it need not be repeated here at length. In short, the evidence shows abnormalities in plaintiff's lumbar spine that could cause pain and numbness in plaintiff's lower back and right leg. An MRI of plaintiff's lumbar spine in August 2013 showed "[d]egenerative changes of the facet joints and bulging disc L4-L5 with mild compression to the thecal sac and compressing the proximal L5 nerve roots bilaterally" and "[b]road-based bulging disc and degenerative changes of the facet joints at L5-S1 . . . [with] some compression to the proximal S1 nerve root on the left" (Tr. 296). And EMG four months earlier showed "chronic, mild bilateral L5 radiculopathy" (Tr. 296). Plaintiff was diagnosed with "[r]adiculopathy lumbar L4-5, L5 S1 distribution" and "Lumbar Sponsylosis" (Tr. 296).

An MRI of plaintiff's lumbar spine in April 2016 was interpreted as follows:

---

exposure to vibration.

(Tr. 19). Section 416.967(b), in turn,

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

3

> L4-5: Left greater than right facet degeneration is stable with unroofing of the disc space and anterolisthesis causing slight flattening of the thecal sac and minor left lateral recess stenosis which has worsened in the interval. There is moderate right greater than left foraminal narrowing which is unchanged.
>
> L5-S1: Stable bilateral facet degenerative change with broad-based disc bulge and a left paracentral protrusion component which is abutting and mildly flattening the descending left L1 nerve root to a greater degree. There is no canal or right lateral recess narrowing. There is no foraminal stenosis.

(Tr. 391-92).

While the record contains a great deal of medical evidence in the form of office notes and test results, none of the nurses or physicians who have treated plaintiff have expressed an opinion as to his functional limitations. Nor did defendant obtain such an opinion from an examining or non-examining consulting physician. Plaintiff argues that under these circumstances the case must be remanded because the ALJ may not make his own findings regarding functional limitations, as the ALJ is not a medical expert and he is not in a position to interpret raw medical data. Defendant disagrees, arguing that it is the ALJ's responsibility to determine plaintiff's RFC and "an ALJ is not required to seek out a doctor's medical opinion where the plaintiff has not offered one." Def.'s Br. at 6, citing *Brown v. Comm'r of Soc. Sec.,* 602 F. App'x 328, 331 (6th Cir. 2015).

Whether or not the ALJ erred in failing to obtain a physician's opinion regarding plaintiff's functional limitations, it is clear that he failed to provide a logical explanation for his finding that plaintiff can meet the standing requirements of his past work despite his back pain and radiculopathy. In fact, the ALJ provided no explanation at all, but simply summarized the medical evidence and then concluded that

> although the claimant's impairments are severe, they do not preclude him from completing all basic work activities. The above [RFC] assessment is supported by the totality of the evidence of record. Additionally, the claimant's allegations as to the extent of the limiting effects of his impairments are not consistent with the record as a whole.

(Tr. 22). This explanation fails to make a "logical bridge between the evidence and the result." *Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 2d 824, 828 (E.D. Mich. 2017). As this Court noted in *Gross*,

> it is unclear on what the ALJ based her ultimate RFC conclusion, and she draws no accurate and logical bridge to instruct the Court of her reasoning. While she points to MRI results showing mild to moderate issues and minimal lower extremity swelling, this Court is hard pressed to meaningfully review those medical judgments. For example, what effect does an EMG study finding "mild right-sided C7 radiculopathy and mild right-sided L5 and S1 radiculopathy" have on Plaintiff's ability to lift or carry "articles like docket files, ledgers, and small tools," or to perform occasional overhead reaching? R. at 34–35); 20 C.F.R. § 404.1567(a). A medical doctor could presumably tell us.

*Id.* at 830. These words apply with equal force to the ALJ's conclusion in the present case that, despite the MRI evidence of bulging discs and nerve root compression and the EMG evidence of radiculopathy, plaintiff nonetheless can "complet[e] all basic work activities" (Tr. 22). The case must be remanded so that the ALJ can explain how he reached this conclusion.[2]

On remand, the ALJ must also explain how he reached the conclusion that plaintiff's impairments do not prevent him from standing for hours at a time, but they do prevent him from

---

[2] The explanation cannot be found in the ALJ's statement that plaintiff's performance on a cardiac stress test showed "an ability to perform work at the medium exertional level" (Tr. 22), an argument defendant also deemed worthy of repeating at page 9 of her summary judgment motion. The stress test results would be relevant if plaintiff claimed a cardiac impairment. So far as the Court is aware, plaintiff makes no such claim.

5

"work[ing] at unprotected heights or around dangerous moving machinery," from "climbing of any ladders, ropes or scaffolds," from doing "more than occasional climbing of ramps or stairs," from doing "more than occasional balancing, stooping, kneeling, crouching," and from "crawling, "driving in the course of employment or us[ing] . . . foot controls" or from being exposed to vibration. There is no apparent, logical basis for imposing these many restrictions while, at the same time, finding that plaintiff's ability to stand and walk are entirely unimpaired.

Remand is also required because the ALJ's adverse credibility finding is likewise insufficiently explained. The ALJ wrote simply that "the claimant's allegations . . . are not consistent with the record a whole" (Tr. 22). While "an ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, . . . [n]evertheless, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Further, an ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2016 WL 1119029, at *9. The ALJ's blanket statement that plaintiff's testimony is "not consistent with the record as a whole" is impossible to review and does not comply with the requirements of SSR 16-3p. On remand, the ALJ must clearly explain, with citations to the record, his reasons for rejecting plaintiff's testimony that his ability to stand is severely restricted.

For these reasons, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence. Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability

is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). Rather, the matter must be remanded so that the record may be further developed to address the deficiencies noted above. Accordingly,

IT IS ORDERED that plaintiff's motion for summary judgment is granted and this matter is remanded for further proceedings to address the errors identified in this opinion. This is a sentence four remand under § 405(g).

IT IS FURTHER ORDERED that defendant's motion for summary judgment is denied.

Dated: February 13, 2018
     Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2018.

s/Johnetta M. Curry-Williams
Case Manager