UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SYLVESTER M. MURRAY,

    Plaintiff,                                          Civil Action No. 17-CV-12586

vs.                                                 HON. BERNARD A. FRIEDMAN

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

This matter is presently before the Court on plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA") [docket entry 21]. Defendant has not responded to this motion and the time for her to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

This is a social security disability case, which the Court remanded for further proceedings in February 2018 pursuant to sentence four of 42 U.S.C. § 405(g). Having obtained such a judgment, plaintiff is deemed to be a prevailing party under the EAJA, which entitles him to an award of "fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Substantially justified" means "'justified in substance or in the main'– that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "The fact that [the district court] found that the Commissioner's position

was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). In other words, the mere fact that the court has found – as in the present case – that the ALJ's decision was not supported by substantial evidence, does not necessarily mean that the government's position was not substantially justified. The burden is on the government to show that its position was substantially justified. *See United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001).

In the present case, defendant's position was not substantially justified. As the Court noted in its opinion deciding the cross motions for summary judgment in plaintiff's favor, the ALJ provided no explanation for concluding that plaintiff could perform his past work as a minister, which required him to stand for several hours at a time. The ALJ did not explain why he believed plaintiff could meet these standing requirements despite the objective evidence showing that he has a severe back impairment, including bulging discs, nerve root compression, and radiculopathy. Nor did the ALJ explain why he believed plaintiff lacked credibility, but merely asserted, without elaboration, that plaintiff's allegations "are not consistent with the record as a whole." Defendant's rationale in denying plaintiff's claim is not "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. Further, by failing to respond to the instant motion, defendant has failed to meet her burden to show that the government's position was substantially justified.

Plaintiff requests attorney fees in the amount of $3,955 (22.6 hours at $175/hour) and paralegal fees in the amount of $608 (7.6 hours at $80/hour), totaling $4,563.00. The Court has reviewed the billing records and finds the claimed number of hours to be quite reasonable.

Further, the requested hourly rate for the attorney work is within the range routinely awarded within the Sixth Circuit. *See, e.g.*, *Petty v. Comm'r of Soc. Sec.*, 2014 WL 201452 (E.D. Tenn. Jan. 17, 2014) ($177/hour for work performed in 2013); *Shaffer v. Colvin*, 2014 WL 185779 (N.D. Ohio Jan. 16, 2014) ($179.75/hour for work performed in 2013); *Washington v. Commissioner of Social Sec.*, 2014 WL 48206 (S.D. Ohio Jan. 7, 2014) ($170/hour for work performed in 2013); *Killings v. Colvin*, 2013 WL 1455818 (N.D. Ohio Apr. 10, 2013) ($180.54/hour for work performed in 2011 and 2012); *Phillilps v. Comm'r of Soc. Sec.*, 2013 WL 5313200 (E.D. Mich. Sept. 20, 2013) ($173/hour for work performed in 2012); and *Darling v. Comm'r of Soc. Sec.*, 2012 WL 4759203, at *2 (E.D. Mich. Oct. 5, 2012) ($170/hour for work performed in 2010-2012). The requested hourly rate for paralegal work is also within the prevailing market rate. *Eichlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571 (2008). The Court therefore awards EAJA fees in this matter in the amount of $4,563.00. Based on plaintiff's waiver of direct payment, *see* Pl.'s Ex. E, the fees are to be paid to plaintiff's counsel directly, minus any outstanding debt plaintiff may owe the United States. Accordingly,

IT IS ORDERED that plaintiff's motion for attorney fees pursuant to the EAJA is granted in the amount of $4,563.00.

Dated: May 31, 2018       s/Bernard A. Friedman
Detroit, Michigan          BERNARD A. FRIEDMAN
                           SENIOR UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 31, 2018.

                                                s/Johnetta M. Curry-Williams
                                                Case Manager